## UNITED STATES COURTS.

THE PEOPLE *ex rel.* KANOUSE *v.* THE JUDGES OF THE NEW YORK COMMON PLEAS.* In Sup. Court, 2 Denio, 197.

*Mandamus to order Cause from N. Y. Common Pleas to the Circuit Court of the United States.*

THIS was an application to dismiss an alternative writ of mandamus, requiring the Common Pleas to make an order for the removal of a cause in that court to the United States Circuit Court, on the petition of the defendant in the suit, Kanouse, setting forth that the plaintiff, J. M. M., was a citizen of New York and himself a citizen of New Jersey. The suit was originally commenced by a declaration in which the damages were laid at $1000. On the presentation of the petition the Court of Common Pleas allowed the plaintiff to show by affidavit that the whole amount of his claim and

---

* This case, belonging properly to the title of mandamus and intended to have been included in our examination of cases on that subject, (ante) was accidently misplaced ; and we have therefore given it a place as one of some importance not only on that subject, but as presenting a question it is believed entirely new in our own state courts.

the matter in dispute in the cause did not amount to $500, and afterwards to amend accordingly; The C. P. thereupon denied the motion for the removal of the cause to the U. S. Circuit, and Kanouse then applied for and obtained the alternative mandamus which it was now moved to dismiss. (Special Term, Feb. 1846.) Bronson, Ch. J. said that he was inclined to agree with the C. P. as to the right of the party to show by affidavit the real amount in dispute; but that clearly after the damages were reduced below $400, so that he could in no event recover more, there was no longer any ground for removing the cause. He said also:

"But there is another reason why we ought not to interfere. The courts of the United States have power to issue writs necessary for the exercise of their jurisdiction, and if a mandamus may issue for the purpose of exercising (or obtaining) an appellate jurisdiction, then the writ should issue from the appellate court. The U. S. Circuit Court in Tennessee has issued a mandamus to a state court in a case like the present. (*Spraggins* v. *The County Court of Humphries*, 1 Cooke, 160.) I am aware that the Court of Appeals in Virginia awarded a mandamus to an inferior court in that state to compel the removal of a cause into the Circuit Court of the United States, (4 Hen. & Mumf. 173.) and this court would do the same thing in a proper case, if there was a necessity for it. But until it shall appear that the United States Courts want the power, this court, he says, cannot act without the appearance of making an officious tender of its services;" and he quashed the alternative mandamus.

☞ This declaration of Ch. J. Bronson that "This court would do the same thing in a proper case," seems very like reasserting the proper power of the court over the judicial decision of an inferior tribunal. The reason he gives for not interfering in the case we do not intend to question; but if the damages had not been reduced, and the C. P. had notwithstanding denied the petition for removal, we cannot doubt that the Supreme Court, though not *bound* to issue the writ, on the ground stated, might very properly have done so. But yet, according to the other cases of this description decided by that court, since the case of the *Oneida Judges*

we hardly think the power could consistently have been exercised ; and we therefore note this remark of the late Chief Justice as a *dictum* in favor of the views expressed by us upon his decision in the case of *The People* v. *The Dutchess County C. P.*, (ante p. 352.) and with which decision the remark seems to be at variance.

(In *Gordon* v. *Longest*, 16 Pet. 97, the Supreme Court of the United States *reversed* the judgment of the Court of Appeals of the state of Kentucky, where the Circuit Court of the state had refused to allow the cause to be removed to the Circuit Court of the U. S. on the ground that it did not appear to their satisfaction that the sum in controversy exceeded $500, although the sum demanded in the declaration was $1,000. M'Lean, J., saying: " The damages in the plaintiff's writ give jurisdiction to the Circuit Court of the U. S. whether it be an original suit in that court or brought there by petition from a state court." He says also, that after the presentation of the petition in such a case " it was, in the language of the (judiciary) act, the duty of the state court to proceed no further in the cause. And every step subsequently taken in the exercise of a jurisdiction in the case, whether in the same court or in the Court of Appeals was *coram non judice*." 16 Pet. 104.)